UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

|  |  |
|---|---|
| Stanley Crane,<br><br>            Plaintiff<br><br>   v.<br><br>Clark County, et al.,<br><br>            Defendants | Case No. 2:23-cv-00925-CDS-BNW<br><br>**Order Granting Defendants'<br>Motion to Dismiss**<br><br>[ECF No. 15] |

       This is a § 1983 action brought by plaintiff Stanley Crane stemming from his arrest in two criminal cases filed in the Eighth Judicial District Court of Nevada for allegedly violating a temporary protective order (TPO), and later, for attempted home invasion. ECF No. 1 at ¶ 1. Defendants Parker Brooks, Clark County, District Attorneys Office, Brittni Griffith, Melanie Marland, William J. Merback, Skyler Sullivan, and Steven B. Wolfson filed a motion to dismiss the complaint, arguing that Crane fails to articulate any valid *Monell* claim and that, in either event, defendants are entitled to absolute immunity. *See generally*, ECF No. 15. The motion is fully briefed. ECF Nos. 18; 21. For the reasons set forth herein, I grant defendants' motion.

**I.     Legal standard**

       Under the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, legal conclusions are not awarded this same presumption just because they are cast in the form of factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Id.* at 559. In fact, the court only considers the well-pleaded allegations in the plaintiff's complaint. *Id.* at 556.

If the court grants a motion to dismiss, the court should grant leave to amend, even if no request to amend is made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless the deficiencies of the complaint clearly cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Federal Rule of Civil Procedure 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## II. Background information

### A. Crane is charged with violating a protective order.

On June 15, 2020, Crane's ex-girlfriend, and mother of his children, applied for a TPO against Crane. Compl., ECF No. 1 at ¶ 18. A hearing, attended by Crane, was held on the motion on July 14, 2020, during which Crane was ordered to submit to drug testing.[1] *Id.* at ¶ 19. Crane complied with the order; the drug tests returned negative. *Id.* at ¶ 20. Nonetheless, a protective order was entered. *Id.* at ¶ 21.

---

[1] Crane alleges that an extended protective order was issued in July of 2020, but that its issuance was defective rendering it invalid because an original TPO was never issued, therefore there was no TPO to be extended. While it appears that the entry of the "extended" protective order was erroneous in title, the court need not address this argument on the merits as this action is being dismissed. The court nonetheless notes Crane cites no authority to support his argument that an error in the title of the protective order alone would render the TPO wholly defective, especially given Crane admitted that he attended a hearing discussing the protective order, which demonstrates he had notice of the order. *See* NRS 33.020(4) ("A temporary order may be granted with or without notice to the adverse party. An extended order may only be granted after notice to the adverse party and a hearing on the application.").The judge corrected the title of the original protective order at that time, issuing the TPO and then the extended order at the same time. Compl., ECF No. 1 at ¶¶ 22–25.

In or around September 14, 2020, Judge Harter issued a TPO as to Crane and an extension of the order (EPO) issued against Crane.[2] *Id.* at ¶ 25. Crane alleges that the TPO "contained no prohibitions against emailing, texting and/or calling Greenfield," his ex-girlfriend's boyfriend (*id.* at ¶ 26), but the EPO included the prohibition (*id.* at ¶ 27). Crane alleges that he was not aware of that prohibition against contacting Greenfield until September 30, 2020, the day he was served with the EPO. *Id.* at ¶ 33.

On November 30, 2020, Crane was charged in a criminal complaint filed by the Clark County District Attorney's Office with violating the EPO by contacting Greenfield on September 26, 2020, four days before he was allegedly served with the EPO.[3] *Id.* at ¶¶ 33, 36. A summons was issued for Crane's arrest. *Id.* at ¶ 34. On March 30, 2021, Crane was arraigned for the charges contained in the complaint. *Id.* at ¶ 35. Crane alleges, based on "information and belief," that he attempted to explain that he could not have violated the EPO on September 26, 2020, because he had not been served. *Id.* at ¶ 36. On April 13, 2021, Crane entered a plea of not guilty to the charge against him related to violating the EPO. *Id.* at ¶ 37.

B.  **Crane is charged with attempted home invasion.**

In June of 2021, Crane was arrested related to allegations he had committed a home invasion at an apartment he shared with his girlfriend at the time. *Id.* at ¶ 43. According to the complaint, Crane was held no-bail on the new charges pursuant to NRS 178.487[4] because he allegedly committed the attempted home invasion while out of custody on the protective order case. *Id.* at ¶ 44. Eventually, Crane entered a not-guilty plea to the charge of attempted home

---

[2] The judge corrected the title of the original protective order at that time, issuing the TPO and then the extended order at the same time. Compl., ECF No. 1 at ¶¶ 22–25.
[3] The Las Vegas Justice Court case number is 20-CR-035701. *Id.* at ¶ 34.
[4] That statute states that "[e]very release on bail with or without security is conditioned upon the defendant's good behavior while so released, and upon a showing that the proof is evident or the presumption great that the defendant has committed a felony during the period of release, the defendant's bail may be revoked, after a hearing, by the magistrate who allowed it or by any judge of the court in which the original charge is pending. Pending such revocation, the defendant may be held without bail by order of the magistrate before whom the defendant is brought after an arrest upon the second charge." NRS 178.487.

investigation. *Id.* at ¶ 48. In July of 2021, by and through his attorney, Crane filed a motion for a recognizance release or to set reasonable bail. *Id.* at ¶ 49. A hearing was held on the bail motion after which, bail with conditions was set. *Id.* at ¶¶ 50–51.

### C. Both of Crane's cases get dismissed.

In October of 2021, Crane's attorney filed a motion to dismiss the protective order case, which was granted. *Id.* at ¶¶ 53–54. Following dismissal, Crane's counsel again moved to modify Crane's bail conditions, which the district attorney's office opposed. *Id.* at ¶¶ 55–56. Thereafter, Crane moved to dismiss the attempted home invasion case, which the state also opposed. *Id.* at ¶ 57. In December of 2022, Crane's attempted home invasion case was dismissed. *Id.* at ¶ 63.

### D. Crane brings this action in June of 2023 and defendants now move to dismiss.

Crane filed this action on June 12, 2023, bringing seven claims for relief: (1) § 1983 substantive due process violation, (2) false imprisonment, (3) failure to supervise, train and take corrective measures to prevent constitutional violations, (4) intentional infliction of emotional distress, (5) negligent infliction of emotional distress, (6) malicious prosecution, and (7) negligence. Compl., ECF No. 1 at 12–20. Defendants move to dismiss this action, arguing that Crane fails to state a claim for relief, and further that this action must be dismissed because the defendants are entitled to absolute immunity. Mot. to Dismiss, ECF No. 15. Crane opposes the motion in part,[5] arguing the motion should be denied because he has properly pled the remaining claims for relief and that defendants' immunity argument is incorrect. Resp., ECF No. 18.

## III. Discussion

### A. The District Attorney defendants are entitled to absolute immunity.

It has long been established that § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Thus, to properly allege a claim upon which relief may be granted under § 1983, Crane

---

[5] Crane does not oppose the dismissal without prejudice of Clark County and Steven B. Wolfson, in his individual capacity. ECF No. 18 at 8 n.4. I thus dismiss both defendants without prejudice.

must show that he has been deprived of a right "'secured by the Constitution and … laws' of the United States" and that the deprivation was "'under color'" of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978) (quoting 42 U.S.C. § 1983).

A state prosecutor may be covered by qualified or absolute immunity. A state prosecutor is entitled to absolute immunity under § 1983 allegations when they engage in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). A state prosecutor is entitled to qualified immunity when they perform investigatory or administrative functions or essentially function as a police officer or detective. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). On the other hand, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the state, are entitled to the protections of absolute immunity." *Id.* at 274. When prosecutorial immunity applies, a plaintiff's claims are barred, even if it leaves the plaintiff "without civil redress against a prosecutor whose malicious or dishonest actions deprives him of liberty." *Imbler*, 424 U.S. at 431. Thus, prosecutorial immunity protects prosecutors when they perform traditional activities related to the initiation and presentation of criminal prosecutions. *See Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005). It also bars allegations for malicious prosecution. *See, e.g., Milstein v. Cooley*, 257 F.3d 1004, 1008–09 (9th Cir. 2001) (prosecutorial immunity bars claim of malicious prosecution).

Here, a plain reading of the complaint shows that the allegations alleged against the individual prosecutors are directly related to their role as advocates for the state and are therefore entitled to absolute immunity. *See Van de Kamp v. Goldstein*, 129 S.Ct. 855, 861 (2009) (holding that absolute immunity protects a prosecutor who is appearing in court in support of a warrant application, presenting evidence at a hearing, or preparing for either the initiation of judicial proceedings or trial). Specifically, Crane alleges:

    (1) Defendant District Attorney Sullivan was "present, entered a plea of not guilty to the charge against him in Case No. 20-CR-035701." Compl., ECF No. 1 at ¶ 37;

> (2) Defendant District Attorney Brooks was present when Crane was arraigned on Case No. 20-CR-035701.[6] *Id.* at ¶ 35;
> (3) Defendant District Attorneys Sullivan and Griffith Defendants "perform[ed] or [] negligently perform[ed], research[ed], and/or review[ed] the [] TPO Case," leading to him being wrongfully charged with a criminal violation. *Id.* at ¶ 40; and
> (4) Defendant District Attorney Marland participated in a preliminary hearing related to the attempted home invasion against Crane, opposed Crane's motion to reduce bail, a motion to modify the conditions of release in that case, and a motion to dismiss that case. *Id.* at ¶¶ 47, 50, 56, 57.

These allegations against Sullivan, Brooks, Griffith, and Marland (the "DA defendants") are directly related to their roles as advocates for the state or are related to the initiation and presentation of criminal prosecutions. Accordingly, the DA defendants are entitled to absolute immunity so all claims against them are hereby dismissed. And because prosecutorial immunity bars Crane's claims, the claims against the DA defendants cannot be cured by amendment, so dismissal is granted with prejudice and without leave to amend. *See Dei Gratia v. Stafford*, 2015 WL 332633, at *8 (N.D. Cal. Jan. 23, 2015) ("Moreover where, as here, prosecutorial and judicial immunity bar a plaintiff's claims, those deficiencies cannot be cured by amendment.").

Further, there are no allegations against defendant Merback in the complaint. I hereby sua sponte dismiss the complaint against him for failure to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," against each defendant, and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Dismissal is granted without prejudice and with leave to amend. However, Crane is cautioned that if he is inclined to amend and include Merback, he should be mindful of the court's immunity analysis set forth above.

> **B.  Crane fails to properly allege a *Monell* violation against the District Attorney's Office.**

Municipalities are considered "persons" under 42 U.S.C. § 1983 and thus may be liable for causing a constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). For

---

[6] The court notes that there are no other allegations against Brooks in the complaint.

liability to attach to a municipality defendant for failing to properly train its employees, the allegations much reflect a "'conscious' choice by the government." *Kirkpatrick v. County of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016). A plaintiff can satisfy this requirement by showing that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers . . . can reasonably be said to have been deliberately indifferent to the need." *Id.* (internal quotation marks and citation omitted). Stated otherwise, to properly allege a *Monell* claim under a negligent training or supervision theory, Crane must present either a "pattern of similar constitutional violations by untrained employees" or he must show that the municipality "has failed to train its employees to handle recurring situations presenting an obvious potential for" constitutional violations. *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

Crane's allegations do not demonstrate a pattern of similar constitutional violations by untrained employees, nor do they demonstrate that the District Attorney's Office failed to train its employees to handle their duties as prosecutors. The complaint lacks in providing any facts indicating either what training practices were employed by the county at the time of the alleged constitutional violation, or what type of constitutionally-mandated training was lacking. Instead, Crane couches legal conclusions (i.e., defendants failed to use reasonable care in training and supervision of its employees (ECF No. 1 at ¶ 79)) as factual allegations. *See generally id.* at 14–15. Accordingly, this claim is dismissed. Because it is unclear if amendment would be futile, dismissal is without prejudice and with leave to amend.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that defendants' motion to dismiss **[ECF No. 15] is GRANTED.** All claims against defendants Sullivan, Brooks, Griffith, and Marland are dismissed with prejudice and without leave to amend.

IT IS FURTHER ORDERED that defendants Clark County and Steven B. Wolfson, in his individual capacity, are dismissed without prejudice.

IT IS FURTHER ORDERED that any claims against defendant Merback are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the *Monell* claim against the District Attorney's Office (Claim 3) is dismissed without prejudice and with leave to amend.

If Crane elects to file an amended complaint, it must be filed on or before April 10, 2024 and must be titled "First Amended Complaint."

Dated: March 27, 2024

_____
Cristina D. Silva
United States District Judge