UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Stanley Crane,

        Plaintiff

v.

Clark County, et al.,

        Defendants

Case No. 2:23-cv-00925-CDS-BNW

**Order to Show Cause**

      Plaintiff Stanley Crane brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered for allegedly violating a temporary protective order, and later, for attempted home invasion while in custody at the Clark County Detention Center. Compl., ECF No. 1. On March 27, 2024, I granted defendants Parker Brooks, Clark County, District Attorney's Office, Brittni Griffith, Melanie Marland, William J. Merback, Skyler Sullivan, and Steven B. Wolfson's motion to dismiss and ordered Crane to file an amended complaint by April 10, 2024. ECF No. 24. That deadline expired and Crane did not file an amended complaint, move for an extension, or otherwise respond.

      District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate default or dismissal." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. Fed. R. Civ. P. 41(b); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

      Because this action cannot realistically proceed until and unless Crane files an amended complaint, he is ordered to (1) file a first amended complaint, (2) file a notice of dismissal, or (3) show cause as to why this action should not be dismissed for failure to comply with the court's order. Failure to file an amended complaint by the deadline set forth herein shall be deemed as

consent to the dismissal of the action for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–63 (9th Cir. 1992) (affirming dismissal for failure to file amended complaint as ordered by district court).

## Conclusion

No later than April 22, 2024, Crane must file: (1) an amended complaint as outlined in my order granting defendants' motion to dismiss, (2) a notice of dismissal, or (3) a respond to this show-cause order. Failure to comply will result in dismissal of this action without further notice.

Dated: April 15, 2024

_____
Cristina D. Silva
United States District Judge