UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Stanely Rudolph Crane,

        Plaintiff

v.

Clark County, et al.,

        Defendants

Case No.: 2:23-cv-00925-CDS-BNW

**Order Denying Plaintiff's Motion for Extension of Time**

[ECF No. 27]

      Plaintiff Stanely Crane moves for an extension of time to amend his complaint. ECF No. 27. I dismissed Crane's complaint without prejudice on March 27, 2024, but because it was unclear if amendment would be futile, I gave Crane leave to amend. ECF No. 24. Crane's amended complaint was due on April 10, 2024. *Id.* That deadline passed, and Crane did not file an amended complaint, move for an extension of time, or otherwise respond. Five days later, I sua sponte ordered Crane to (1) file a first amended complaint, (2) file a notice of dismissal, or (3) show cause as to why this action should not be dismissed for failure to comply with the court's order, by April 22. Order, ECF No. 26. Instead, on the day of the show-cause deadline, Crane filed the instant motion to extend time. ECF No. 27.

      Under Federal Rule of Civil Procedure 6(b)(1), when an act must be done within a specified time, the court may extend the time for good cause if the request for an extension is made before the original time or its extension expires. *See* Fed. R. Civ. P. 6(b)(1)(A). The rule is "to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983)). The Ninth Circuit has described the "good cause" standard as "less rigorous than excusable neglect." *See Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 887 (9th Cir. 2001) (citation omitted). When evaluating whether the good cause standard has been met, the court focuses on the diligence of the moving party. *See Green Aire for Air*

*Conditioning W.L.L.*, 2020 WL 58279, at *3 ("Rule 16(b)'s good cause inquiry focuses primarily on the movant's diligence.") (E.D. Cal. Jan. 6, 2020) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000)).

    Crane fails to address, nor meet, the good cause standard for failing to file the amended complaint, or seek other relief, in a timely fashion. Crane's sole explanation for his request for additional time is that he is currently looking for new counsel to file the amended complaint. *Id.* at 3. Crane argues that "[t]his extension is not made in bad faith and Defendants will not be prejudiced by an extension the request is timely." *Id.* at 4. I disagree. Crane fails to provide a viable reason that the court can find his delay to be in good faith and his failure to address the good faith standard warrants denying this motion. Further, Crane fails to cite any points and authorities in support of the relief he seeks. Under Local Rule 7-2(d), "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." For this reason, Crane's motion is denied.

    IT IS THEREFORE ORDERED that Crane's motion for extension of time **[ECF No. 27]** **is DENIED without prejudice**.

    Dated: April 26, 2024

_____
Cristina D. Silva
United States District Judge