# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Stanley Crane,

        Plaintiff

v.

Clark County, et al.,

        Defendants

Case No. 2:23-cv-00925-CDS-BNW

**Order Dismissing Action and Closing Case**

As recounted in my previous orders, which are incorporated by reference here, plaintiff Stanley Crane has repeatedly failed to meet deadlines to amend the complaint in this case. ECF Nos. 26, 28. In short, I ordered Crane to file an amended complaint by April 10, 2024. Order, ECF No. 24. When Crane failed to do so, I sua sponte extended the deadline by ordering Crane to file: (1) an amended complaint as outlined in my order granting defendants' motion to dismiss, (2) a notice of dismissal, or (3) to show cause why this action should not be dismissed for failure to comply with the court's order. Order, ECF No. 26. In that order, Crane was reminded that courts may dismiss an action for failing to comply with a court order. *Id.* at 2 (citing Fed. R. Civ. P. 41(b); *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004)). Crane was also warned that failure to comply would "result in dismissal of this action without further notice." *Id.* at 2. Crane again failed to comply with the order requiring him to file an amended complaint, instead requesting—without providing good cause for further delay or a viable good faith reason to warrant—an extension of time to file an amended complaint. ECF No. 27. Because Crane did not request another extension of time nor file an amended complaint, I proceed to determine whether to dismiss this action under Rule 41(b).

## I. Discussion

It is well established that district courts have the authority to dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 41(b); *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). Before dismissing an action on that ground, the court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Malone*, 833 F.2d at 130; *Henderson*, 779 F.2d at 1423–24.

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In cases like the one at hand, where a case is delayed by a party's failure to comply with deadlines, the case cannot move forward toward resolution on the merits. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, Crane has delayed further adjudication of the claims by failing to timely amend his complaint. There is currently no operative complaint on file, and it is Crane's responsibility to move this action forward. This action cannot proceed without his compliance, and it cannot simply remain idle on the court's docket, unprosecuted.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. While the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal; "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Yourish*, 191 F.3d at 990; *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Laurino*, 279 F.3d at 753; *Yourish*, 191 F.3d at 991. Here, Crane failed to file an amended complaint despite the court's efforts to provide him with the opportunity. *See e.g.*, ECF Nos. 24; 26. Since it appears that Crane does not intend to litigate this action diligently, which has caused an unreasonable delay, there arises a rebuttable presumption of prejudice to the defendants. *See Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from unreasonable delay).

The fourth factor, the public policy favoring disposition of cases on their merits, typically weighs against dismissal. However, here, the claims have been decided on the merits; I granted defendants' motion to dismiss, but because there was a possibility that Crane could amend his complaint to add facts supporting some of his claims, I gave leave to amend—which Crane did not do. Further, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d at 1228. Because it is Crane's responsibility to move the case toward disposition at a reasonable pace and the case has already been decided on the merits, the fourth factor is greatly outweighed by the factors in favor of dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. After the deadline for Crane to file his first amended complaint passed, the court sua sponte extended the deadline, giving Crane twelve additional days to file. Order, ECF No. 26. Further, the court has waited an additional month after Crane's request for more time before considering dismissal. It does not appear that any less drastic sanctions are available. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore

possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Crane has been provided adequate warning that dismissal would result from noncompliance with the court's order. *See e.g.*, Order, ECF No. 26 at 2. Thus, the fifth factor favors dismissal.

II.     Conclusion

Finding that the dismissal factors and circumstances of this case weigh heavily in favor of dismissal, I hereby DISMISS this action with prejudice under Rule 41(b) based on Crane's failure to comply with this court's orders.

The Clerk of Court is kindly directed enter judgment accordingly and to close this case.

Dated: May 28, 2024

_____
Cristina D. Silva
United States District Judge